(No. 81-CC-2275—)

DANIEL M. NOVAK, Individually and as Administrator of the Estate of Beverly Ann Novak, deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 11, 1989.*

LEONARD M. RING & ASSOCIATES and CHAPPEL, BRANDT & GORE (E. HUGH CHAPPEL, JR., of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This matter coming to be heard on the motion of the Respondent to strike the complaint and dismiss the claim therein, due notice having been given the parties hereto, and the Court being fully advised in the premises, the court finds:

That Claimant filed a complaint in the Court of Claims on April 10, 1981, alleging that the State of Illinois, through its agents, employees at Zeller Mental Health Center (hereinafter Zeller), negligently allowed patient Robert Endicott to be discharged. Approximately one year and two months after his discharge from Zeller, Robert Endicott shot and killed Ms. Beverly Novak in Florida. This claim is brought by the administrator of Beverly Novak's estate.

That the instant matter was placed on general continuance by this Court in May of 1981 while Claimant filed suit in the circuit court of Peoria County. (*Novak v. Rathnam*, No. 82-L-1341.) In the circuit court action, Claimant sued the Zeller employees who had recommended that Robert Endicott be discharged.

That the circuit court of Peoria County dismissed

Claimant's claim on the merits. The Court held that the defendant's discharge of Mr. Endicott could not be the proximate cause of Ms. Beverly Novak's death more than one year later.

That both the Circuit Court claim and the instant matter allege the same cause of action, that Zeller was negligent in discharging Robert Endicott. The only difference between the two causes of action is the named defendants. In the circuit court action, the defendants were Mr. Girmscheid and Mr. Rathnam, two State employees who recommended that Robert Endicott be discharged. In the instant matter, the defendant is the State as the employer of Mr. Girmscheid and Mr. Rathnam.

Since the claim before this Court is the same as the claim in the circuit court action, the circuit court's dismissal on the merits is *res judicata* in the Court of Claims.

Therefore, it is ordered that Respondent's motion is hereby granted and Claimant's claim is dismissed with prejudice.